Hugh E. SPERRY, Regional Director of the Seventeenth Region of the National Labor Relations Board, for and on Behalf of the NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

RETAIL CLERKS INTERNATIONAL ASSOCIATION LOCAL UNION NO. 782, AFL-CIO, Respondent.

No. 13590-2.

United States District Court
W. D. Missouri, W. D.

Feb. 5, 1962.

Hugh E. Sperry, Regional Director, Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Winthrop A. Johns, Asst. Gen. Counsel, Julius G. Serot, Deputy Asst. Gen. Counsel, Joseph I. Nachman, Supervising Trial Atty., Thomas C. Hendrix, Regional Atty., Marvin Roth, Atty., N. L. R. B., for petitioner.

Robert Karmel, Chicago, Ill., Lewis F. Grayson and Jack I. Orlove, Grayson & Orlove, Kansas City, Mo., for respondent.

GIBSON, District Judge.

This action was brought by the Regional Director of the Seventeenth Region of the National Labor Relations Board, pursuant to Section 10(*l*) of the National Labor Relations Act, as amended (Section 160(*l*), Title 29 U.S.C., 29 U.S.C.A. § 160(*l*)), for a temporary injunction pending the final disposition of the matter involved herein pending before the Board on a charge filed by Spartan of Highway 50, Inc., alleging that respondent union has engaged in, and is engaging in, unfair labor practices in violation of Section 8(b) (7) (A) of the Act, 29 U.S.C.A. § 158(b) (7) (A).

Section 8(b) (7) (A) provides that "(b) It shall be an unfair labor practice for a labor organization or its agents— * * * (7) to picket or cause to be picketed, or threaten to picket or cause to be picketed, any employer where an

object thereof is forcing or requiring an employer to recognize or bargain with a labor organization as the representative of his employees, or forcing or requiring the employees of an employer to accept or select such labor organization as their collective bargaining representative, unless such labor organization is currently certified as the representative of such employees: (A) where the employer has lawfully recognized in accordance with this Act any other labor organization and a question concerning representation may not appropriately be raised under section 9(c) of this Act, * * *."

Section 10(*l*) provides that "Whenever it is charged that any person has engaged in an unfair labor practice within the meaning of * * * section 8(b) (7), the preliminary investigation of such charge shall be made forthwith and given priority over all other cases except cases of like character in the office where it is filed or to which it is referred. If, after such investigation, the officer or regional attorney to whom the matter may be referred has reasonable cause to believe such charge is true and that a complaint should issue, he shall, on behalf of the Board, petition any United States district court * * * within any district where the unfair labor practice in question has occurred, is alleged to have occurred, or wherein such person resides or transacts business, for appropriate injunctive relief pending the final adjudication of the Board with respect to such matter. Upon the filing of any such petition the district court shall have jurisdiction to grant such injunctive relief or temporary restraining order as it deems just and proper, notwithstanding any other provision of law: * * *."

Petitioner has alleged that Spartan has on or about September 5, 1961 filed a charge with the Board, pursuant to section 8(b) (7) (A) of the Act, which charge alleges that respondent has engaged in an unfair labor practice as defined by section 8(b) (7) (A) of the Act, and petitioner further alleges it has reasonable cause to believe that respond-

ent has engaged in an unfair labor practice within the definition of said section 8(b) (7) (A) of the Act, in that:

1. Respondent is an labor organization within the meaning of the Act.

2. Spartan is an employer within the meaning of the Act.

3. Respondent is not currently certified as the representative of any of Spartan's employees.

4. Since on or about August 18, 1961, Spartan has lawfully recognized and had a collective bargaining contract with Amalgamated Clothing Workers of America, a labor organization within the Act, as the collective bargaining agent of its employees, which contract runs until August 17, 1964.

5. Respondent, on or about August 24, 1961, filed with the Board a charge alleging that Spartan had engaged in unfair labor practices within the meaning of Section 8(a) (2) of the Act, which charge was subsequently dismissed by the Board on November 24, 1961, and that accordingly, no charge against Spartan under Section 8(a) (2) is presently pending before the Board.

6. At no time material herein could a question concerning representation of Spartan's employees appropriately be raised under Section 9(c) of the Act, 29 U.S.C.A. § 159(c).

7. Respondent, since on or about August 31, 1961, has demanded that Spartan recognize and bargain with it as the representative of Spartan's employees and has been attempting to compel Spartan's employees to accept or select respondent as their collective bargaining representative.

8. That respondent, in furtherance of the above stated demand, has picketed Spartan, and that an object of respondent's picketing set forth above is to force or require Spartan to recognize or bargain with respondent as the representative of Spartan's employees and to force or require Spartan's employees to accept or select respondent as their collective bargaining representative.

· Petitioner alleges that it has reasonable cause to believe all the above enumerated charges are true, and that this constitutes a violation of Section 8(b) (7) (A) of the Act, and now petitions this Court to issue an injunction or restraining order pursuant to Section 10(*l*) of the Act.

The respondent union contends that, petitioner did not have reasonable cause to believe that respondent is engaged in an unfair labor practice as defined in Section 8(b) (7) (A) of the Act, in that:

(a) The agreement of August 18, 1961, between Spartan and Amalgamated was not lawful because it was entered into as a result of collusion between Spartan and Amalgamated, and is, therefore, what is denominated a "sweetheart" agreement, which is termed an unfair labor practice on the part of an employer by Section 8(a) of the Act.

(b) The purpose of the picketing in question was not organizational or to coerce recognition of respondent by Spartan, but merely for informational purposes for the general public.

A hearing in this matter was held, beginning on December 15, 1961, and evidence was heard concerning the negotiations between Spartan and Amalgamated, concerning conferences and conversations between representatives of Spartan and respondent, and concerning incidents of the picketing in question. All parties were afforded full opportunity to be heard, to examine and cross-examine witnesses, to present evidence, and to argue on the evidence and the law. The Court has fully considered the petition, answer, evidence, arguments, and briefs of counsel. Upon the entire record, the Court makes the following:

### Findings of Fact

1. Petitioner is Regional Director of the Seventeenth Region of the Board, an agency of the United States, and filed the petition herein for and on behalf of the Board.

2. On or about September 5, 1961, Spartan of Highway 50, Inc. (herein called Spartan), pursuant to provisions of the Act, filed a charge with the Board alleging that Retail Clerks International Association, Local Union No. 782, AFL-CIO, a labor organization, has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(b) (7), subparagraph (A) of the Act.

3. The aforesaid charge was referred to petitioner as Regional Director of the Seventeenth Region of the Board.

4. There is, and petitioner has, reasonable cause to believe that:

(a) Respondent, an unincorporated association, is an organization in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work.

(b) Respondent maintains its principal office at Kansas City, Missouri, and at all times material has been engaged within this judicial district in transacting business and in promoting and protecting the interests of its employee members.

(c) Spartan, a wholly owned subsidiary of Spartan Industries, Inc., is engaged at Kansas City, Missouri, in the operation of a retail department store. In the operation of its business, Spartan annually does a gross volume of business of in excess of Five hundred thousand Dollars ($500,000) and annually received goods and materials from outside the state of Missouri valued at in excess of Fifty thousand and no/100 Dollars ($50,000.00).

(d) Respondent is not currently certified as the representative of any of Spartan's employees.

(e) Since on or about August 16, 1961, Spartan has recognized and had a collective bargaining contract with Amalgamated Clothing Workers of America, AFL-CIO (herein called Amalgamated), a labor organization within the meaning of Section 8(b) (7) of the Act, as the collective bargaining representative of its employees. The collective bargaining contract which is currently in effect between Spartan and Amalgamated, was

executed on August 18, 1961, and is effective as of August 16, 1961, for a period of three years. It appears to the Court that the crux of the restriction on picketing activities of a union is the *lawful* recognition of another union. The evidence in this case indicates that the circumstances under which the Amalgamated Clothing Workers Union was recognized were extremely peculiar and indicative of collusion between the employer Spartan and the recognized union. If the recognition was not lawfully made, the use of the Courts to enforce rights obtained by such recognition would constitute abuse of legal process.

(f) Respondent, since on or about August 31, 1961, has picketed Spartan.

(g) An object of respondent's picketing set forth in Finding of Fact 4 (i) herein, is to force or require Spartan to recognize or bargain with respondent as the representative of Spartan's employees and to force or require Spartan's employees to accept or select respondent as their collective bargaining representative, notwithstanding that respondent is not currently certified as the representative of such employees.

(h) On or about August 24, 1961, respondent filed a charge with the Board alleging, *inter alia*, that Spartan had engaged in unfair labor practices within the meaning of Section 8(a) (2) of the Act. On or about November 24, 1961, the said charge was dismissed by petitioner, acting on behalf of the General Counsel of the Board. Accordingly, no charge against Spartan under Section 8(a) (2) of the Act is presently pending before the Board.

(i) At no time material herein could a question concerning representation of Spartan's employees appropriately be raised under Section 9(c) of the Act. While the petitioner Board has passed upon this question by dismissing the unfair labor charge lodged by respondent against Amalgamated Clothing Workers Union and Spartan, it is the opinion of the Court that said matter was not fully considered or else an erroneous decision was reached thereon.

(j) The respondent's defense in this case that it was merely doing informational picketing and not organizational picketing does not seem by the Court to be well taken. The respondent had picketed long enough for informational purposes, if that was the only purpose of their picketing. It would appear to the Court that the provisions of Section 8(b) (7) (A) would also preclude informational picketing, where the ultimate object thereof is recognition and that any such informational picketing would be permissible only where the provisions of Section 8(b) (7) (C) would apply, which in the main would be where no union had been recognized. Picketing for an extended period of time would appear to be meaningless if recognition or redress of grievances were not the objective. Since this is an action for a temporary injunction only, pending the final determination of the issues raised in the proceeding before the Board, it is felt that in the discretionary matter of issuing a temporary injunction that such injunction should not issue if the Court is in doubt and not satisfied as to the legality of the recognition of another labor organization by the employer involved. The petitioner Board can, of course, proceed to process and decide the issues involved in the action or actions before it, and upon a final decision obtain the proper enforcement of its final orders or decisions.

### Conclusions of Law

1. This Court has jurisdiction of the parties and of the subject matter of this proceeding, and under Section 10(*l*) of the Act is empowered to grant injunctive relief.

2. There is, and petitioner has, reasonable cause to believe that:

(a) Respondent is a labor organization within the meaning of Sections 2(5), 8(b) and 10(*l*) of the Act.

(b) Spartan is engaged in commerce within the meaning of Section 2(6) and (7) of the Act, 29 U.S.C.A. § 152(6, 7).

3. However, there is not, and petitioner has not, reasonable cause to believe that respondent has engaged in unfair labor practices within the meaning of Section 2(6) and (7) of the Act, for the reason that the contract between Spartan and Amalgamated Clothing Workers Union does not appear to have been lawfully entered into.

Now, therefore, upon the entire record, it is

ORDERED, ADJUDGED AND DECREED that, the application of petitioner for a temporary injunction is denied.